IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSE GARCIA,

    Plaintiff,

vs.                                                No. 2:17-cv-990 WJ/CG

JOHN DOE, Insurance Agent and
SAFECO INSURANCE COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT SAFECO INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO ISSUE OF EXCLUSION OF FUTURE MEDICAL DAMAGES FROM TRIAL

THIS MATTER comes before the Court upon *Defendant Safeco Insurance Company's Motion for Summary Judgment* (**Doc. 30**), filed on July 9, 2018.[1] Defendant Safeco Insurance Company ("Safeco Insurance Co." or "Safeco")[2] seeks exclusion of future medical damages from trial in this matter, pursuant to Federal Rule of Civil Procedure 56(a). Having considered the parties' pleadings and the applicable law, the Court finds that the Motion is well-taken and, therefore, is **GRANTED.**

### UNDISPUTED FACTS

1.    Plaintiff Rose Garcia ("Plaintiff") commenced this action as a Petition for Declaratory Judgment in the Fifth Judicial District of New Mexico, naming Safeco Insurance Company and John Doe, an Insurance Agent, as Defendants. Doc. 1, Ex. 1.

---

[1]    Although styled as a "Motion for Summary Judgment," for the reasons described below, the Court interprets Safeco Insurance Co.'s motion as a motion for partial summary judgment under Fed. R. Civ. P. 56(a).

[2]    Defendant Safeco Insurance Company states in its Notice of Removal (Doc. 1) that its correct name is Safeco Insurance Company of America, but it has not moved to change the caption in this case.

1

2. Plaintiff was involved in an automobile accident on or about July 6, 2014 with a driver whom she alleges had inadequate insurance coverage to cover her damages. Doc. 1, Ex. 1, ¶ 6.

3. Plaintiff resolved the claims against the driver by accepting an offer of policy limits. Doc. 1, Ex. 1, ¶ 7.

4. Plaintiff made a demand on Safeco Insurance Co. and John Doe pursuant to the insurance contract for the payment of damages that she alleges were not adequately recovered from the driver. Doc. 1, Ex. 1, ¶ 8.

5. Plaintiff has alleged damages in the amount of $175,000, making a demand for policy limits, from uninsured/underinsured motorist coverage from Defendant Safeco Insurance Co. based on state law claims, including breach of contract. Doc. 1.

6. Defendant Safeco Insurance Co. removed this action to the United States District Court for the District of New Mexico (Doc. 1) on September 28, 2017.

7. Plaintiff was, at the time of filing, a resident of the State of New Mexico. Doc. 1.

8. Safeco Insurance Co. was, at the time of filing, a foreign corporation incorporated under the laws of the State of New Hampshire, with its principal place of business in Seattle, Washington. Doc. 1.

9. Safeco Insurance Co. has taken the position that New Mexico law governs this case. Doc. 14 at 2.

10. Plaintiff's deposition was taken on May 25, 2018. Doc. 30, Ex. 1.[3]

11. Plaintiff was not represented by counsel at the time of her deposition and counsel did not attend her deposition on her behalf. Doc. 38 at 3; Docs. 8, 31, 40.

---

[3] References to the deposition excerpts attached as Exhibit 1 to Doc. 30 are cited as "Dep." followed by page and transcript line number.

12.     Plaintiff does not dispute that "she has not returned to see any doctor after the injection on February 28, 2015." Doc. 38 at 3; Dep. at 5:12–20; 6:10–12.

13.     Plaintiff testified at her deposition that she had not consulted with an expert to provide an opinion in her case. Dep. at 6:17–7:3.

14.     Plaintiff testified in her deposition that she has experienced "minor back pain" that is "steady" for three-and-a-half years. Dep. at 15:17–23.

15.     Plaintiff represented at her deposition that she had not spoken to anyone about re-evaluating a surgical recommendation. Dep. at 16:18–20.

16.     When asked at her deposition, "What about re-evaluating any of the recommendations for future medical treatment, like more steroid injections or anything?" Plaintiff responded, "That has crossed my mind, where I've thought that if it really starts—because he did mention that it would probably be short term. He couldn't say how long, but he said, You will probably be coming back when the pain returns. We've known that it's going to be temporary relief." Dep. at 16:21–17:4.

17.     Neither Plaintiff nor Defendant Safeco Insurance Co. made any timely expert disclosures under Fed. R. Civ. P. 26(a)(2) in accordance with the scheduling deadlines set by United States Magistrate Judge Carmen Garza. *See* Dep. at 6:23–24; Doc. 15.

18.     Plaintiff provided a letter from Dr. Lawrence Brookman, DC, of Zia Chiropractic stating that Plaintiff was released from his care on September 22, 2014. Doc. 38, Ex. 1.

19.     The letter from Dr. Brookman states that Plaintiff "still has some residual pain that may have to be addressed in the future." Doc. 38, Ex. 1.

20. The letter from Dr. Brookman states that "Future treatment may include: Chiropractic Care (Est. Cost $5000.00); Orthopedic Consult (Est. Cost $500.00); ESI (Est. Cost $14000.00); Low Back Surgery (Est. Cost $50000.00)." Doc. 38, Ex. 1.

21. Magistrate Judge Garza recently denied without prejudice the parties' Motion to Extend Expired Trial and Motions Deadlines because the parties failed to set specific dates for the extensions. Docs. 34, 35.

## DISCUSSION

### I. Legal Standards

#### A. Summary judgment

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper if the pleadings and admissions, answers to interrogatories, depositions, and affidavits "show[] that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). The court cannot weigh the evidence and determine the truth of the matter, but instead must determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted). A fact is material if "under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Trust Co. of Kansas v. Abbott Labs.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citation omitted). A dispute is genuine if the evidence presented could allow

a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Most importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (citation omitted).

Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990) (citation omitted). As the Supreme Court emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott*, 550 U.S. at 380 (citation and quotation marks omitted). Finally, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

### B. Reasonable certainty of future medical expenses

Under New Mexico law,[4] "[a] party seeking to recover damages has the burden of proving the existence of injuries and resulting damage with reasonable certainty." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 146 N.M. 853, 860, 215 P.3d 791, 798 (Ct. App. 2009). The "reasonable certainty" standard thus means that

> [d]amages based on surmise, conjecture or speculation cannot be sustained. Damages must be proved with reasonable certainty. There is no exception to the . . . rule for future damages. The ultimate fact which the plaintiff has the burden

---

[4] Safeco has taken the position that New Mexico law governs the resolution of this case. *See* Doc. 14 at 2; Doc. 22 at 2. Plaintiff's position on controlling law is unknown because she did not provide a position for Defendant's Joint Status Reports. Docs. 14, 22. The Court notes that Plaintiff's former counsel cites New Mexico state law for the standards for summary judgment, however. Doc. 38.

5

of proving is future damages reasonably certain to occur as a result of the original injury.

*Id.* (quoting *Rael v. F & S Co.*, 94 N.M. 507, 511, 612 P.2d 1318, 1322 (Ct. App. 1979)).

**II.** **Analysis**

There is insufficient evidence that a genuine dispute of material fact as to future medical expenses exists because Plaintiff has not offered adequate evidence in the record to support her claim of future medical expenses to a degree of reasonable certainty. *Sandoval*, 146 N.M. at 860, 215 P.3d at 798. Even drawing all reasonable inferences in Plaintiff's favor, she has failed to carry her burden of proof regarding future damages and summary judgment is thus properly granted on this issue. *See Celotex Corp.,* 477 U.S. at 323.

First, as Safeco Insurance Co. points out, Plaintiff has not disclosed any expert to testify about the need for future medical expenses or to provide an estimate about what those expenses likely would be. Federal Rule of Civil Procedure 26(a) requires Plaintiff to timely make this disclosure if she intends to call on an expert under Federal Rule of Evidence 702, 703, or 705. *See* Fed. R. Civ. P. 26(a)(2)(A), (B). The Scheduling Order entered by Judge Garza on January 9, 2018 (Doc. 15), imposed a discovery motions deadline of June 28, 2018. Plaintiff was directed to identify expert witnesses by April 9, 2018. Pretrial motions were due by July 9, 2018. Defendant suggested in its Joint Status Report and Provisional Discovery Plan a deadline of May 31, 2018, for Plaintiff's expert disclosure, and a deadline of June 29, 2018, for Defendant Safeco Insurance Co.'s expert disclosure. Doc. 22 at 3 (filed 4/2/18). Plaintiff did not respond and that suggested deadline also passed without any expert disclosures. Defendant Safeco Insurance Co. filed the instant Motion for Summary Judgment on July 9, 2018, after the close of discovery. Doc. 30. In response to Safeco's point that Plaintiff did not make an expert disclosure regarding this issue or any other, Plaintiff argues that the parties' joint request for an extension of the trial deadlines (Doc.

34) moots this issue because the parties will agree to new deadlines. Doc. 38 at 4. Judge Garza denied the parties' joint request without prejudice, however, because the parties failed to request specific dates for their extension.[5] Doc. 35. Thus, Plaintiff did not disclose that any expert will render a report on future medical expenses, the discovery and expert witness deadlines imposed by Judge Garza have passed, and there is nothing indicating that discovery will be revisited.

Additionally, Plaintiff has not submitted any evidence on the record before the Court that indicates an expert or a treating physician has offered a firm or recent opinion about future medical expenses. Plaintiff testified at her deposition on May 25, 2018, that she had no knowledge of an expert being consulted in her case on this issue. Dep. at 6:17–7:3. While the Court recognizes that Plaintiff was not represented by counsel at her deposition, the Court does credit Plaintiff's testimony that she had only consulted a treating physician in 2015. Dep. at 5:12–20; 7:4–10. Contrary to Plaintiff's counsel's assertion that the Court should afford her statements some leniency as a *pro se* party (Doc. 38 at 3), her testimony at her deposition was under oath and the Court has no reason to question her truthfulness.

On this issue, Plaintiff's counsel asserts that "a plaintiff's testimony is not the only form of proof a plaintiff could possible provide. In our case, Dr. Lawrence Brookman, DC (a physician that Plaintiff saw because of this accident) has made it known the need for future treatment. Dr. Lawrence stated, in pertinent part, '[Plaintiff] still has some residual pain that may have to be addressed in the future.'" Doc. 38 at 4. Plaintiff cites the statement from Dr. Lawrence as Exhibit 1. Dr. Brookman states in his undated letter, however, that Plaintiff was released from his care on September 22, 2014. Doc. 38, Ex. 1. Thus, Dr. Lawrence's opinion based on chiropractic treatment

---

[5] Since that time and after filing the Response brief (Doc. 38), Plaintiff's counsel has withdrawn due to the closing down of the law firm's New Mexico branch and Plaintiff's counsel's acceptance of employment with the Fifth Judicial District. Docs. 40, 41. Plaintiff now proceeds pro se at this time. Doc. 41.

from September of 2014, without more, is stale and uninformative about Plaintiff's future medical expenses in December of 2018. Dr. Lawrence's opinion is also not determinative about whether Plaintiff would require future medical treatment, or what that treatment would be. He stated that "[f]uture treatment may include" some identified procedures, but such a vague assertion does not rise to the level of "reasonably certain" future medical expenses.

Furthermore, the record does not support a reasonable inference that Plaintiff will incur future medical expenses. When asked about her medical treatment, Plaintiff represented at her deposition in May of 2018 that she had not been to her treating physician, Dr. Donovan, since 2015. Dep. at 5:12–20; 6:10–12. In her Response, Plaintiff conceded that "she has not returned to see any doctor after the injection on February 28, 2015." Doc. 38 at 3. Plaintiff also represented at the deposition that she has had "minor back pain" for three-and-a-half-years. Dep. at 15:21–23. Despite Plaintiff's assertion that her doctor indicated he expected her to "probably be coming back" (Dep. at 17:2–3), the fact that Plaintiff has not sought additional medical treatment since 2015 contradicts Plaintiff's speculative assertion that she might still incur future medical expenses for related treatment. Plaintiff does not contend that she is currently receiving or intends to seek future medical treatment, or that she has received a diagnosis that will require some treatment in the future; instead, she states that "it does not necessarily follow with absolute certainty that there will (or will not be) future medical expenses." Doc. 38 at 3. Neither Plaintiff's deposition, nor even considering Dr. Lawrence's opinion, offer sufficient evidence to the Court that future medical expenses are reasonably certain.

The Court grants partial summary judgment on the issue of future medical expenses because Plaintiff has failed to show a genuine issue of material fact as to whether such damages are reasonably certain, as Plaintiff is required to show under New Mexico law. Fed. R. Civ. P.

56(a); *Sandoval*, 146 N.M. at 860, 215 P.3d at 798.[6] Although Safeco Insurance Co. carries the initial burden under Federal Rule of Civil Procedure 56(c) on its motion for summary judgment, the Plaintiff must show that there is a genuine issue of material fact to prevent summary judgment. *Scott*, 550 U.S. at 381. Here, Plaintiff has failed to carry her burden of proof to show that future damages are reasonably certain to incur, as there is not sufficient evidence in the record to make reasonable inferences in her favor on this issue. The Court's decision is supported by the lack of evidence in the record that would create a reasonable inference that Plaintiff has consulted an expert who could render an opinion about future medical expenses, has continued medical treatment, intends to seek future medical treatment, or has a diagnosed condition that will require future medical treatment. The lack of evidence for these premises allows the Court to conclude that there is not a genuine dispute of material fact as to future medical expenses, and the Court must grant partial summary judgment on this issue. Fed. R. Civ. P. 56(a). As explained above, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Scott v. Harris*, 550 U.S. 372, 381 (2007) (citation omitted). The Supreme Court emphasized that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 380. Because Plaintiff has failed to carry the burden of proof as to an essential element of her claim to future damages, summary judgment is thus properly granted on this issue. *See Celotex Corp.*, 477 U.S. at 323.

---

[6] The Court notes that, for an unknown reason, Defendant cites Tennessee state law and Sixth Circuit law on this substantive issue. Doc. 30 at 1–2. The same "reasonably certain" standard apparently applies under Tennessee law. *See* Doc. 30 at 2 (citing *Palanki v. Vanderbilt Univ.*, 215 S.W.3d 380, 391 (Tenn. 2006)).

The granting of partial summary judgment on the issue of future medical expenses prevents Plaintiff from presenting evidence of such damages at trial; this ruling does not prevent Plaintiff from testifying about the nature of her back pain.

## CONCLUSION

The Court notes that all dispositive motion deadlines in this case have passed and that this case shall be set to proceed to trial. Doc. 15. The Court notes that the parties had requested non-specific deadline extensions, which Judge Garza denied because the deadlines were open-ended. Docs. 34 (filed 8/30/18), 35 (filed 9/4/18). The parties did not subsequently request later deadline extensions. The Court also notes that Plaintiff has been represented by two attorneys during this case and is now proceeding pro se. Docs. 8, 31, 40, 41. Finally, the Court notes that the last settlement conference scheduled for August 29, 2018, was vacated at the parties' request. Docs. 32, 33. There is nothing stopping the parties from requesting a settlement conference be scheduled prior to trial in this matter. The parties may contact Judge Garza if they wish to schedule another settlement conference.

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Defendant Safeco Insurance Company's Motion for Summary Judgment (**Doc. 30, filed 7/9/18**) is **GRANTED**. The Court treats this Motion as a Motion for Partial Summary Judgment on the issue of future medical damages, pursuant to Fed. R. Civ. P. 56(a). Evidence of future medical damages is thus excluded from trial in this matter.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE